FILED

February 9 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0331

DA 15-0331

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2016 MT 32N

CARL E. AND COLLEEN R. DAVIS,

        Defendants and Appellants,

    v.

MONTANA PATRIOT, LLC,

        Plaintiff and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 14-918C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Carl E. Davis, Colleen R. Davis, self-represented; Manhattan, Montana

    For Appellee:

        Paul Grigsby, Paul Grigsby, PLLC; Bozeman, Montana

Submitted on Briefs:  January 20, 2016

Decided:  February 9, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Carl and Colleen Davis (hereinafter "the Davises"), pro se, appeal from an order denying their Motion to Dismiss and awarding attorney's fees entered against them by the Eighteenth Judicial District Court, Gallatin County. Although the final order entered by the District Court, from which the Davises appeal, deals only with their last several filings, the Davises' arguments broadly challenge the foreclosure of the property, trustee's sale, and unlawful detainer proceedings, asserting that the District Court erred in multiple ways. We affirm as to all issues.

¶3 The Davises executed a Deed of Trust, conveying the property as security for a loan to Countrywide Home Loans, Inc., in February 2006. This Deed of Trust was recorded. In March 2009, the Davises stopped making payments on their home loan, and the record indicates that they have not made a payment since. However, the Davises continued living on the premises, and did so for six years until evicted in early 2015. A trustee's sale was held, and U.S. Bank National Association took title to the property in May of 2014, after placing the highest bid at the trustee's sale. In turn, Montana Patriot,

LLC, (hereinafter MTPLLC), bought the property from U.S. Bank National Association, receiving a special warranty deed in September of 2014.

¶4 After the purchase, a member of MTPLLC entered the property, which the Davises still occupied, and informed the Davises that MTPLLC owned the property. After attempts to negotiate a voluntary surrender of the property by the Davises failed, MTPLLC filed an unlawful detainer action in the Gallatin County Justice Court. The Davises moved to dismiss, claiming that they had rescinded their mortgage contract (Deed of Trust) in 2009, and then sold the property to the Carl E. Davis Trust, which sold the property to the Colleen R. Davis Trust (CRD Trust). The Justice Court transferred the case to the Eighteenth Judicial District Court, which held a hearing on January 30, 2015. The District Court issued an order on February 9, 2015, concluding that MTPLLC "is entitled to immediate possession of the Premises," and further ordering the Davises to remove themselves from the property. The same day, the District Court issued an Order to Vacate the Premises and Writs of Assistance. On February 12, 2015, the Davises moved to vacate the Order to Vacate, and on February 13, 2015, the District Court stayed the eviction and Writs of Assistance, pending the Davises' motion. After consideration, the District Court lifted the stay and again issued Writs of Assistance. On April 9, 2015, the Davises filed a Notice of Judicial Issue, claiming that their Motion to Dismiss had not been addressed, and asking for fees and costs. On April 28, 2015, the District Court issued an order specifically denying the Motion to Dismiss, reaffirming its previous conclusion that MTPLLC was "vested with title to the Premises," and awarding fees to

3

MTPLLC. The Davises claimed then, and continue to do so, that the property currently belongs to the CRD Trust, that the trustee's sale and subsequent sale to MTPLLC were based upon fraud, and that the unlawful detainer proceeding and subsequent orders are void.

¶5 Black's Law Dictionary defines a deed of trust as a "deed conveying title to real property to a trustee as security until the grantor repays a loan. This type of deed resembles a mortgage." *Black's Law Dictionary* 502 (Bryan A. Garner ed., 10th ed. 2014). The Small Tract Financing Act of Montana (hereinafter "the Act"), codified at §§ 71-1-301, et seq., MCA, provides for this transfer of interest in real property. "A transfer in trust of an interest in real property . . . may be made to secure the performance of an obligation of a grantor . . . ." Section 71-1-304(1), MCA. "When a transfer in trust of an interest in real property is made to secure the performance of the obligation referred to in subsection (1), a power of sale is conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." Section 71-1-304(2), MCA.

¶6 Here, title was granted to the trustee, a third party (Fidelity National Title Insurance Company), when the Davises executed the Deed of Trust in 2006. This third party was to hold the property in trust until the Davises either paid off the loan or breached their obligation, i.e., defaulted on their loan. *See* § 71-1-304(1), MCA. Upon default, the trustee had the power to sell the property, which it did in May 2014. *See* § 71-1-304(2), MCA. While the Davises claim they "sold the property" to the CRD Trust before the trustee sale, they could not have properly done so, as the trustee, and not the

4

Davises, held title to the property. The quitclaim deed and bills of sale that the Davises provided to the District Court do not overcome the fact that a third party actually held title to the property at the time of the alleged sales. The Act mandates that the trustee "shall reconvey the interest in real property described in the trust indenture to the grantor" in the event that the obligation is performed. Section 71-1-307(1), MCA. The Davises do not claim, nor does the record contain any support, that they performed the obligation or that the trustee ever reconveyed title to the property back to them, even if their Deed of Trust was "extinguished" as they claim. The District Court did not err in rejecting Davises' claims, ordering the Davises to vacate the property, denying their Motion to Dismiss the unlawful detainer action, and awarding attorney's fees to MTPLLC.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

5